NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAM F. KAETZ, *et al.*,<br><br>              Plaintiffs,<br><br>v.<br><br>COURT OF COMMON PLEAS OF MONROE COUNTY,<br><br>              Defendant. | Civil Action No.: 18-cv-14782 (CCC)<br><br>**ORDER** |

**CECCHI**, **District Judge**.

This matter comes before the Court on the motion of the Court of Common Pleas of Monroe County, Forty-Third Judicial District of Commonwealth of Pennsylvania ("Defendant") to dismiss the complaint of *pro se* plaintiffs William F. Kaetz ("Mr. Kaetz") and his daughter, Catherine Kaetz ("Ms. Kaetz") (collectively "Plaintiffs"). ECF Nos. 12-13.  It appearing that:

1. Plaintiffs commenced this action on October 9, 2018, alleging violations of Ms. Kaetz's due process and double jeopardy rights pursuant to 42 U.S.C. § 1983. ECF No. 1.

2. This action arises out of a prior state court Protection from Abuse case in the Court of Common Pleas, Monroe County, in which Ms. Kaetz was the defendant (the "PFA case"), and her subsequent arrest.  Plaintiffs are now seeking the court transcript from the PFA case through this action.[1]

---

[1] On the same date as the filing of their complaint, Plaintiffs also filed a motion for a Court order to subpoena transcripts from the PFA case and to enjoin Defendant from allowing further prosecution in the PFA case pending the resolution of the present action. ECF No. 2.  Because the Court will dismiss all of Plaintiffs' claims and close the case at this time, the Court need not consider that motion at this time.

3. Upon proper service of Plaintiffs' complaint on February 5, 2020 (ECF No. 11),[2] Defendant filed the instant motion to dismiss on February 21, 2020 (ECF Nos. 12-13).

4. Defendant asserts that Mr. Kaetz lacks standing to bring this action alleging violations of Ms. Kaetz's constitutional rights. ECF No. 12 at 2; ECF No. 13 at 2.  In order to establish standing to litigate a claim, a plaintiff must demonstrate that "he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Raines v. Byrd*, 521 U.S. 811, 819 (1997) (citation omitted); *see also Boss v. Davis*, No. 14-5771, 2015 WL 6497960, at *4 (D.N.J. Oct. 20, 2015). Plaintiffs' complaint asserts that Mr. Kaetz witnessed conduct that allegedly violated Ms. Kaetz's constitutional rights (ECF No. 1 at 2-5), but it does not allege any violation of Mr. Kaetz's own constitutional rights or resulting injury.  Thus, the Court finds that Mr. Kaetz does not have standing to bring this action. *See Rabold v. Syndicate Monroe Cty., Pa. Charter*, No. 06-2474, 2007 WL 43988, at *1 (M.D. Pa. Jan. 4, 2007) (finding that third parties do not have standing to bring claims under Section 1983 for the violation of another person's rights, even if that person is their child).[3]

---

[2] Plaintiffs initially improperly served Defendant in October 2018, and as a result, Defendant did not timely answer the complaint.  Plaintiffs subsequently filed a motion for entry of default judgment (ECF No. 5-6), however, the Clerk of Court could not grant Plaintiffs' motion for entry of default in light of the improper service, and that motion is now moot. *See, e.g., Reddy v. MedQuist, Inc.*, No. 06-4410, 2009 WL 250050, at *3 (D.N.J. Jan. 29, 2009).

[3] In their opposition, Plaintiffs for the first time assert that Defendant also violated Mr. Kaetz's constitutional rights because the violation of his daughter, Ms. Kaetz's, constitutional rights interfered with his life as her parent. ECF No. 14 at 6-7.  However a plaintiff may not amend his complaint through arguments raised in a brief in opposition. *Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d Cir. 2008).  The Court also notes that "the Third Circuit Court of Appeals has held that parents have no constitutional interest in the lives or society of their adult children." *Rabold*, 2007 WL 43988, at *1 (citing *McCurdy v. Todd*, 352 F.3d 820 (2003)).  Therefore, the Court need not consider these arguments at this time.

5. Although Defendant does not challenge Ms. Kaetz's standing to bring this action,[4] it argues that Ms. Kaetz's claims are nonetheless barred under the Eleventh Amendment. ECF No. 13 at 3.

6. The Eleventh Amendment precludes individuals from bringing suit against a state or one of its agencies in federal court. U.S. CONST. AMEND. XI.  As a part of the Commonwealth of Pennsylvania's unified judicial system, Defendant is entitled to Pennsylvania's Eleventh Amendment immunity. *Bragg v. Pennsylvania*, No. 08-4361, 2009 WL 1886079, at *3 (E.D. Pa. July 1, 2009) (citation omitted) (finding that "[t]he Court of Common Pleas is included within the definition of the 'Commonwealth government' of Pennsylvania," and therefore, it is entitled to the State's  Eleventh Amendment immunity); *see, e.g., Donahue v. Superior Court of Pennsylvania*, No. 18-01531, 2019 WL 923786, at *7 (M.D. Pa. Jan. 24, 2019).  Thus, Defendant is immune from suit, and Ms. Kaetz's claims are barred under the Eleventh Amendment.[5]

7. Furthermore, Plaintiffs' complaint fails on additional grounds, as Defendant is not a "person" subject to suit under Section 1983. ECF No. 13 at 4.  In order to state a Section

---

[4] Defendant asserts that Mr. Kaetz cannot represent Ms. Kaetz in this action. ECF No. 13 at 5. *See Kraemer ex rel. Kraemer v. Pennsylvania*, No. 10-4868, 2011 WL 4336671, at *3 ("[A] *pro se*, non-attorney parent may not represent a child in court in place of an attorney.").  However, it appears from the docket that Ms. Kaetz represents herself in this action, and therefore, the Court will proceed with considering the complaint as filed by Ms. Kaetz.

[5] The Court notes that there are three exceptions to Eleventh Amendment immunity where:  (1) the state has waived immunity thereunder; (2) Congress has abrogated immunity; or (3) the plaintiff brings suit against individual state officers for prospective injunctive and declaratory relief, and there is an ongoing violation of the law. *Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).  However, "the Commonwealth of Pennsylvania has explicitly retained its sovereign immunity from suit." *Urella v. Pennsylvania State Troopers Ass'n*, 628 F. Supp. 2d 600, 608 (E.D Pa. 2008).  Furthermore, "Congress did not abrogate state sovereign immunity when it enacted § 1983," *Tariq-Shuaib v. City of Camden*, No. 09-4760, 2011 WL 383857, at *3 (D.N.J. Feb. 3, 2011), and Plaintiffs do not sue individual state officers.  Thus, despite Plaintiffs' arguments otherwise (*see* ECF No. 14 at 19-20), none of the Eleventh Amendment exceptions apply here.

1983 claim, a plaintiff must allege: "(1) the conduct complained of was committed by a *person* acting under the color of state law; and (2) this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Kost v. Kazakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993) (emphasis added). Multiple courts have held that state courts are not "persons" subject to Section 1983 liability. *See Antoine v. Belleville Mun. Court*, No. 10-1212, 2010 WL 2989991, at *4 (D.N.J. July 27, 2010); *see, e.g., Hawkes v. Atl. Cty. Superior Courthouse*, No. 18-10931, 2018 WL 5796559, at *2 (D.N.J. Nov. 5, 2018). Based on the foregoing, Ms. Kaetz cannot sustain her Section 1983 claim against Defendant.

Accordingly, **IT IS** on this 27th day of August, 2020

**ORDERED** that Defendant's motion to dismiss (ECF Nos. 12-13) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiffs are granted thirty (30) days from the date of this Order to file an amended complaint to the extent they can cure the deficiencies identified herein; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Order to Plaintiffs; and it is further

**ORDERED** that the Clerk of the Court shall close this case; and it is further

**ORDERED** that the Clerk of the Court shall reopen this case upon the filing of an amended complaint.

**SO ORDERED.**

**CLAIRE C. CECCHI, U.S.D.J**