WILLIAM F KAETZ
CATHERINE KAETZ
437 Abbott Road
Paramus NJ 07652
201-753-1063
Plaintiffs

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2020 OCT -8  A 10: 22

WILLIAM F KAETZ
CATHERINE KAETZ
Plaintiffs

vs.

## Defendants in Their Personal Capacity

JUDGE DAVID J. WILLIAMSON
Court of Common Pleas of Monroe County
Forty-Third Judicial District
Commonwealth of Pennsylvania
610 Monroe Street
Stroudsburg PA 18360-2115
570-517-3009

JUDGE BRIAN GERMANO
Magisterial District Court #43-4-01.
823 Ann St # A, Stroudsburg, PA 18360
(570) 420-3492

OFFICER THOMAS WHALEN
Pennsylvania State Police
1800 Elmerton Avenue
Harrisburg, PA.,17110
717-783-5599

MONROE COUNTY OF
PENNSYLVANIA
County of Monroe
One Quaker Plaza
Stroudsburg PA  18360
Phone: (570) 517-3400

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

## Case No.: 2:18-cv-14782 (CCC)

**AMENDED CIVIL COMPLAINT
QUO WARRANTO COMPLAINT
JURY TRIAL DEMANDED**

# CORRESPONDENCE LETTER

# CORRESPONDENCE LETTER

**Attention Court Clerk:**

1. The attached **Amended Complaint** (Exhibit #3, 26 pages) **was filed on time.**

2. The attached **Amended Complaint** (Exhibit #3, 26 pages) **was filed within 30 days of Judge Cecchi's Order** (Exhibit #1, 4 pages, see page #4)

3. **This court received the Amended Complaint on 9/25/2020** evidenced on Exhibit #2, USPS return receipts, 2 pages, front and back of receipts)

4. **This court was Ordered to reopen the case upon the timely receipt of the plaintiffs amended complaint.** (See Judge Cecchi's Order (Exhibit #1, 4 pages, see page #4)

5. As of the date of this letter, 10/3/2020, **it has been 9 nine days since the court had the filings,** and the plaintiffs' filings are not on the docket and the case has not been reopened.

6. It is obvious this court is prejudicing the Plaintiffs and violating their due process and equal protection rights.

7. It is obvious this court, by its failure to allow ecourt filings from prose litigants, especially during the Covid-19 pandemic hoax and the fraudulent closure of the court to the public, and massive delays of court procedure in Plaintiffs' cases this court is in violation of the Due Process and equal protection clauses of the 5th and 14th Constitutional Amendments.

8. **No one is above the Law. Civil Rights lawsuit will commence.** The Amended Complaint is required to be filed and, on the Docket, and the Case is required to be reopened immediately.

Thank you for your diligence in this matter.

William F. Kaetz, Plaintiff.

10/3/2020

cc. J. Cecchi
J. Clark
Robert J. Krandel

WILLIAM F KAETZ
CATHERINE KAETZ
437 Abbott Road
Paramus NJ 07652
201-753-1063
Plaintiffs

WILLIAM F KAETZ
CATHERINE KAETZ
Plaintiffs

vs.

**Defendants in Their Personal Capacity**

JUDGE DAVID J. WILLIAMSON
Court of Common Pleas of Monroe County
Forty-Third Judicial District
Commonwealth of Pennsylvania
610 Monroe Street
Stroudsburg PA 18360-2115
570-517-3009

JUDGE BRIAN GERMANO
Magisterial District Court #43-4-01.
823 Ann St # A, Stroudsburg, PA 18360
(570) 420-3492

OFFICER THOMAS WHALEN
Pennsylvania State Police
1800 Elmerton Avenue
Harrisburg, PA.,17110
717-783-5599

MONROE COUNTY OF
PENNSYLVANIA
County of Monroe
One Quaker Plaza
Stroudsburg PA  18360
Phone: (570) 517-3400

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

## Case No.: 2:18-cv-14782 (CCC)

**AMENDED CIVIL COMPLAINT
QUO WARRANTO COMPLAINT
JURY TRIAL DEMANDED**

# CORRESPONDENCE LETTER



# EXHIBIT #1

Page 3 of 5

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM F. KAETZ, *et al.*, | Civil Action No.: 18-cv-14782 (CCC) |
| Plaintiffs, | |
| v. | **ORDER** |
| COURT OF COMMON PLEAS OF MONROE COUNTY, | |
| Defendant. | |

**CECCHI, District Judge**.

This matter comes before the Court on the motion of the Court of Common Pleas of Monroe County, Forty-Third Judicial District of Commonwealth of Pennsylvania ("Defendant") to dismiss the complaint of *pro se* plaintiffs William F. Kaetz ("Mr. Kaetz") and his daughter, Catherine Kaetz ("Ms. Kaetz") (collectively "Plaintiffs"). ECF Nos. 12-13. It appearing that:

1. Plaintiffs commenced this action on October 9, 2018, alleging violations of Ms. Kaetz's due process and double jeopardy rights pursuant to 42 U.S.C. § 1983. ECF No. 1.

2. This action arises out of a prior state court Protection from Abuse case in the Court of Common Pleas, Monroe County, in which Ms. Kaetz was the defendant (the "PFA case"), and her subsequent arrest. Plaintiffs are now seeking the court transcript from the PFA case through this action.[1]

---

[1] On the same date as the filing of their complaint, Plaintiffs also filed a motion for a Court order to subpoena transcripts from the PFA case and to enjoin Defendant from allowing further prosecution in the PFA case pending the resolution of the present action. ECF No. 2. Because the Court will dismiss all of Plaintiffs' claims and close the case at this time, the Court need not consider that motion at this time.

3. Upon proper service of Plaintiffs' complaint on February 5, 2020 (ECF No. 11),[2] Defendant filed the instant motion to dismiss on February 21, 2020 (ECF Nos. 12-13).

4. Defendant asserts that Mr. Kaetz lacks standing to bring this action alleging violations of Ms. Kaetz's constitutional rights. ECF No. 12 at 2; ECF No. 13 at 2. In order to establish standing to litigate a claim, a plaintiff must demonstrate that "he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Raines v. Byrd*, 521 U.S. 811, 819 (1997) (citation omitted); *see also Boss v. Davis*, No. 14-5771, 2015 WL 6497960, at *4 (D.N.J. Oct. 20, 2015). Plaintiffs' complaint asserts that Mr. Kaetz witnessed conduct that allegedly violated Ms. Kaetz's constitutional rights (ECF No. 1 at 2-5), but it does not allege any violation of Mr. Kaetz's own constitutional rights or resulting injury. Thus, the Court finds that Mr. Kaetz does not have standing to bring this action. *See Rabold v. Syndicate Monroe Cty., Pa. Charter*, No. 06-2474, 2007 WL 43988, at *1 (M.D. Pa. Jan. 4, 2007) (finding that third parties do not have standing to bring claims under Section 1983 for the violation of another person's rights, even if that person is their child).[3]

---

[2] Plaintiffs initially improperly served Defendant in October 2018, and as a result, Defendant did not timely answer the complaint. Plaintiffs subsequently filed a motion for entry of default judgment (ECF No. 5-6), however, the Clerk of Court could not grant Plaintiffs' motion for entry of default in light of the improper service, and that motion is now moot. *See, e.g., Reddy v. MedQuist, Inc.*, No. 06-4410, 2009 WL 250050, at *3 (D.N.J. Jan. 29, 2009).

[3] In their opposition, Plaintiffs for the first time assert that Defendant also violated Mr. Kaetz's constitutional rights because the violation of his daughter, Ms. Kaetz's, constitutional rights interfered with his life as her parent. ECF No. 14 at 6-7. However a plaintiff may not amend his complaint through arguments raised in a brief in opposition. *Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d Cir. 2008). The Court also notes that "the Third Circuit Court of Appeals has held that parents have no constitutional interest in the lives or society of their adult children." *Rabold*, 2007 WL 43988, at *1 (citing *McCurdy v. Todd*, 352 F.3d 820 (2003)). Therefore, the Court need not consider these arguments at this time.

5. Although Defendant does not challenge Ms. Kaetz's standing to bring this action,[4] it argues that Ms. Kaetz's claims are nonetheless barred under the Eleventh Amendment. ECF No. 13 at 3.

6. The Eleventh Amendment precludes individuals from bringing suit against a state or one of its agencies in federal court. U.S. CONST. AMEND. XI. As a part of the Commonwealth of Pennsylvania's unified judicial system, Defendant is entitled to Pennsylvania's Eleventh Amendment immunity. *Bragg v. Pennsylvania*, No. 08-4361, 2009 WL 1886079, at \*3 (E.D. Pa. July 1, 2009) (citation omitted) (finding that "[t]he Court of Common Pleas is included within the definition of the 'Commonwealth government' of Pennsylvania," and therefore, it is entitled to the State's Eleventh Amendment immunity); *see, e.g., Donahue v. Superior Court of Pennsylvania*, No. 18-01531, 2019 WL 923786, at \*7 (M.D. Pa. Jan. 24, 2019). Thus, Defendant is immune from suit, and Ms. Kaetz's claims are barred under the Eleventh Amendment.[5]

7. Furthermore, Plaintiffs' complaint fails on additional grounds, as Defendant is not a "person" subject to suit under Section 1983. ECF No. 13 at 4. In order to state a Section

---

[4] Defendant asserts that Mr. Kaetz cannot represent Ms. Kaetz in this action. ECF No. 13 at 5. *See Kraemer ex rel. Kraemer v. Pennsylvania*, No. 10-4868, 2011 WL 4336671, at \*3 ("[A] *pro se*, non-attorney parent may not represent a child in court in place of an attorney."). However, it appears from the docket that Ms. Kaetz represents herself in this action, and therefore, the Court will proceed with considering the complaint as filed by Ms. Kaetz.

[5] The Court notes that there are three exceptions to Eleventh Amendment immunity where: (1) the state has waived immunity thereunder; (2) Congress has abrogated immunity; or (3) the plaintiff brings suit against individual state officers for prospective injunctive and declaratory relief, and there is an ongoing violation of the law. *Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). However, "the Commonwealth of Pennsylvania has explicitly retained its sovereign immunity from suit." *Urella v. Pennsylvania State Troopers Ass'n*, 628 F. Supp. 2d 600, 608 (E.D Pa. 2008). Furthermore, "Congress did not abrogate state sovereign immunity when it enacted § 1983," *Tariq-Shuaib v. City of Camden*, No. 09-4760, 2011 WL 383857, at \*3 (D.N.J. Feb. 3, 2011), and Plaintiffs do not sue individual state officers. Thus, despite Plaintiffs' arguments otherwise (*see* ECF No. 14 at 19-20), none of the Eleventh Amendment exceptions apply here.

1983 claim, a plaintiff must allege: "(1) the conduct complained of was committed by a *person* acting under the color of state law; and (2) this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Kost v. Kazakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993) (emphasis added). Multiple courts have held that state courts are not "persons" subject to Section 1983 liability. *See Antoine v. Belleville Mun. Court*, No. 10-1212, 2010 WL 2989991, at *4 (D.N.J. July 27, 2010); *see, e.g., Hawkes v. Atl. Cty. Superior Courthouse*, No. 18-10931, 2018 WL 5796559, at *2 (D.N.J. Nov. 5, 2018). Based on the foregoing, Ms. Kaetz cannot sustain her Section 1983 claim against Defendant.

Accordingly, **IT IS** on this 27th day of August, 2020

**ORDERED** that Defendant's motion to dismiss (ECF Nos. 12-13) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiffs are granted thirty (30) days from the date of this Order to file an amended complaint to the extent they can cure the deficiencies identified herein; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Order to Plaintiffs; and it is further

**ORDERED** that the Clerk of the Court shall close this case; and it is further

**ORDERED** that the Clerk of the Court shall reopen this case upon the filing of an amended complaint.

**SO ORDERED.**

**CLAIRE C. CECCHI, U.S.D.J**

4

WILLIAM F KAETZ
CATHERINE KAETZ
437 Abbott Road
Paramus NJ 07652
201-753-1063
Plaintiffs

WILLIAM F KAETZ
CATHERINE KAETZ
Plaintiffs

vs.

**Defendants in Their Personal Capacity**

JUDGE DAVID J. WILLIAMSON
Court of Common Pleas of Monroe County
Forty-Third Judicial District
Commonwealth of Pennsylvania
610 Monroe Street
Stroudsburg PA 18360-2115
570-517-3009

JUDGE BRIAN GERMANO
Magisterial District Court #43-4-01.
823 Ann St # A, Stroudsburg, PA 18360
(570) 420-3492

OFFICER THOMAS WHALEN
Pennsylvania State Police
1800 Elmerton Avenue
Harrisburg, PA.,17110
717-783-5599

MONROE COUNTY OF
PENNSYLVANIA
County of Monroe
One Quaker Plaza
Stroudsburg PA  18360
Phone: (570) 517-3400

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**Case No.: 2:18-cv-14782 (CCC)**

**AMENDED CIVIL COMPLAINT**
**QUO WARRANTO COMPLAINT**
**JURY TRIAL DEMANDED**

# CORRESPONDENCE
# LETTER

# EXHIBIT #2

**Card 1**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

1. Article Addressed to:

Martin Luther King Building
& U.S. Courthouse
Attention Court Clerk
50 Walnut Street Room 4015
Newark, NJ 07101

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

9590 9402 5847 0038 2040 70

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
7018 0360 0001 0471 6780

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

**Card 2**

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
☑ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

1. Article Addressed to:

Judge Claire C. Cecchi
Martin Luther King Building
& U.S. Courthouse
50 Walnut street
court room: MLK 5b
Newark, NJ 07101

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

9590 9402 5847 0038 2040 56

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
7018 0360 0001 0471 6781

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

**Card 3**

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

1. Article Addressed to:

Judge James B. Clark, III
Martin Luther King Building
& U.S. Courthouse
50 Walnut street
court room: MLK 2A
Newark, NJ 07101

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

9590 9402 5847 0038 2040 63

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
7018 0360 0001 0471 6774

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

7590 9402 5847 0038 2040 70

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

WILLIAM F KAETZ
CATHERINE KAETZ
437 Abbott Road
Paramus NJ 07652



USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 5847 0038 2040 56

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

WILLIAM F KAETZ
CATHERINE KAETZ
437 Abbott Road
Paramus NJ 07652



USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 5847 0038 2040 63

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

WILLIAM F KAETZ
CATHERINE KAETZ
437 Abbott Road
Paramus NJ 07652

WILLIAM F KAETZ
CATHERINE KAETZ
437 Abbott Road
Paramus NJ 07652
201-753-1063
Plaintiffs

WILLIAM F KAETZ
CATHERINE KAETZ
Plaintiffs

vs.

**Defendants in Their Personal Capacity**

JUDGE DAVID J. WILLIAMSON
Court of Common Pleas of Monroe County
Forty-Third Judicial District
Commonwealth of Pennsylvania
610 Monroe Street
Stroudsburg PA 18360-2115
570-517-3009

JUDGE BRIAN GERMANO
Magisterial District Court #43-4-01.
823 Ann St # A, Stroudsburg, PA 18360
(570) 420-3492

OFFICER THOMAS WHALEN
Pennsylvania State Police
1800 Elmerton Avenue
Harrisburg, PA.,17110
717-783-5599

MONROE COUNTY OF
PENNSYLVANIA
County of Monroe
One Quaker Plaza
Stroudsburg PA  18360
Phone: (570) 517-3400

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

**Case No.: 2:18-cv-14782 (CCC)**

**AMENDED CIVIL COMPLAINT
QUO WARRANTO COMPLAINT
JURY TRIAL DEMANDED**

# CORRESPONDENCE LETTER

# EXHIBIT #3

WILLIAM F KAETZ
CATHERINE KAETZ
437 Abbott Road
Paramus NJ 07652
201-753-1063
Plaintiffs

| | |
|---|---|
| WILLIAM F KAETZ CATHERINE KAETZ Plaintiffs <br><br> vs. <br><br> **Defendants in Their Personal Capacity** <br><br> JUDGE DAVID J. WILLIAMSON Court of Common Pleas of Monroe County Forty-Third Judicial District Commonwealth of Pennsylvania 610 Monroe Street Stroudsburg PA 18360-2115 570-517-3009 <br><br> JUDGE BRIAN GERMANO Magisterial District Court #43-4-01. 823 Ann St # A, Stroudsburg, PA 18360 (570) 420-3492 <br><br> OFFICER THOMAS WHALEN Pennsylvania State Police 1800 Elmerton Avenue Harrisburg, PA.,17110 717-783-5599 <br><br> MONROE COUNTY OF PENNSYLVANIA County of Monroe One Quaker Plaza Stroudsburg PA 18360 Phone: (570) 517-3400 | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY** <br><br> **Case No.: 2:18-cv-14782 (CCC)** <br><br> **AMENDED CIVIL COMPLAINT QUO WARRANTO COMPLAINT JURY TRIAL DEMANDED** |

**42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT**
**42 U.S. CODE § 1985.CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS**
**U.S. CONST. 14TH AMENDMENT VIOLATIONS**
**NEGLIGENCE**
**QUO WARRANTO COMPLAINT**

PLEASE TAKE NOTICE that on September 22, 2020 Plaintiffs William Kaetz and Catherine Kaetz respectfully files this amended complaint pursuant to Order of 8/27/2020.

The original complaint was filed on October 8, 2018.

Plaintiffs William and Catherine Kaetz, pro se, files this civil complaint in the United States District Court District of New Jersey against defendants, JUDGE DAVID J. WILLIAMSON, JUDGE BRIAN GERMANO, OFFICER THOMAS WHALEN, and MONROE COUNTY OF PENNSYLVANIA specifically for violations of state and federal due process and double jeopardy rights, VIOLATIONS OF THE UNITED STATES CONSTITUTION 14TH AMENDMENT, for the following reasons:

1.      A declaratory decree was violated, and declaratory relief was unavailable.

2.      The defendants' conduct deprived the Plaintiffs of rights, privileges, or immunities secured by the Constitution or laws of the United States.

3.      The actions of the defendants deliberately terminated the plaintiff's rights without notice, hearing, and opportunity to appeal, immunity is not available for the state actors because they acted with total disregard of the law and with a total lack of jurisdiction.

4.      William Kaetz is Catherine Kaetz's father and is a witness in a court case hearing Catherine was defendant in.

5.      William Kaetz intervened in the case to collect evidence to prove his daughter's innocence in a legal issue, a Pennsylvania (PA) protection from abuse (PFA) case, *SEAN ANTHONY FOSTER vs CATHERINE STEPHANIE KAETZ, docket no.31 DR 2018/340 CV 2018.* (also see evidence attached to Case 2:18-cv-14782-CCC-JBC Document 8 Filed 06/24/19) when she was illegally arrested in New Jersey.

**6.** There were violations of Catherine Kaetz's Constitutional Rights, specifically the Due Process and Double Jeopardy clauses of the U.S., NJ., and PA. Constitutions because Catherine Kaetz faced the Court of Common Pleas in front of defendant Judge David J. Williamson on all matters of the PFA case, 8 months later PA wanted a second bite at Catherine, she was falsely imprisoned for PFA matters she faced defendant Judge David J. Williamson about and the matters were resolved by his Final Order. This is a second time the PA court wants Catherine to face the same offenses. Transcripts of that hearing and witnesses and attorneys on record will prove her innocence and that all matters were brought to the judge's attention. William Kaetz filed a motion to the Court of Common Pleas for transcripts, then after inspecting them, the court failed to produce the entire hearing transcripts and we believe the Court of Common Pleas is covering up their mistakes.

**7.** William Kaetz, as with all Americans, are harmed with these Totalitarianism acts of alleged officers of the law with willful gross negligence for individual rights because such actions become the status quo and jeopardizes the Constitutionally protected rights and freedom of every individual and is a violation of the public trust doctrine, and discriminates Americans, a national discrimination violation, that includes William Kaetz.

**8.** It is William Kaetz's Duty as an American Citizen to protect this nation anyway possible, to support and defend the Constitution and the laws of the United States against all enemies, foreign and domestic; to bear true faith and allegiance to the same; and to bear arms on behalf of the United States when required by the law; or to perform noncombatant service in the Armed Forces of the United States when required by the law, or to perform work of national importance under civilian direction when required by law. (§ 337(a), 66 Stat. 258 (1952), 8 U.S.C. § 1448(a). "The Constitution and laws of the United States are the supreme law of the land, and to these every

citizen of every State owes obedience, whether in his individual or official capacity." Ex parte

Siebold, 100 U.S. 371 (1879) at 392.

9.      In a nutshell, whether a naturalized or born citizen of the U.S.A., we all get harmed with

usurpations of Constitutionally Protected Rights and we all have the Duty to defend our Rights

and our fellow American's Rights.

## BRIEF CASE HISTORY OF THE PA PFA CASE

10.     A temporary PFA order was created January 22, 2018 by Sean Anthony Foster against

Catherine Kaetz.

11.     A PFA violation happened January 28, 2018 by Catherine via a phone message that was

not threatening to Sean, however it is a violation of the temporary order, Sean filed a complaint in

a PA Magisterial District Court #43-4-01.

12.     A warrant for arrest was created January 29, 2018 for Catherine.

13.     **A final hearing happened on February 5th 2018** in front of defendant Judge, David J.

Williamson, in the Court of Common Pleas of Monroe County Forty-Third Judicial District

Commonwealth of Pennsylvania and the complaint and warrant of January 29, 2018 was brought

to the Judge's attention. The Defendant, The Plaintiffs, Attorneys, The Judge, Court personnel, all

were there.

14.     At the hearing we went in the courtroom, things were said, there was a break in the

proceedings, then it continued. The first part of the hearing is not in the transcripts, only the second

part of the hearing is transcribed.

15.     Whether defendant Judge, David J. Williamson did not want to deal with the warrant at

that time is irrelevant, we were there, all matters were bought out and ripe for judgement and his

judgement was to reenact the hearing and manipulate court records and do nothing about the

warrant and issued a new final PFA order that supersedes the temporary order, so be it. It was Tyrannical, with a total lack of jurisdiction, it was illegal. He knew it would cause problems; it was deliberate. Defendant Judge, David J. Williamson muttered as he walked to his room, "Let's see what Judge Germano does with that". It was a premeditated crime.

**16.**     **After things were said and done,** the defendant Judge, David J. Williamson issued a standard final PFA order on the matter and Catherine has been compliant.

**17.**     The contempt charges and warrant in the lower court were supposed to be resolved, superseded by the Higher Courts Final Order, Catherine faced the judge on all matters.

**18.**     On September 7, 2018, approximately 8 months later, Catherine was arrested because of this alleged PA warrant in the state of NJ at a traffic stop (she lives in NJ now) and imprisoned for 12 days and transported to PA then released on an unsecured bail. The warrant was left active and/or reactivated in the lower PA District Court, the higher PA Common Pleas Court had no information about an active warrant upon Catherine.

**19.**     The illegal arrest of Catherine Kaetz violated Catherine Kaetz's Constitutionally Protected rights, the Due Process and Equal Protections, and Double Jeopardy clauses of the US, NJ, and PA Constitutions, it violated the 14th Amendment as to which there is no immunity. It was discrimination against Americans, violates every written and unwritten Constitutionally Protected Right.

**20.**     William Kaetz, as with all Americans, are harmed with these Totalitarianism acts of alleged officers of the law with willful gross negligence for individual rights because such actions become the status quo and jeopardizes the Constitutionally protected rights and freedom of every individual and is a violation of the public trust doctrine, and discriminates Americans, a national discrimination violation, that includes William Kaetz. The defendants' conduct deprived the

Plaintiffs of rights, privileges, or immunities secured by the Constitution and laws of the United States.

## THERE IS NEGLIGENCE AND COURT ERRORS

21.     The plaintiffs' claim arose on September 7, 2018 in the township of New Milford New Jersey. Plaintiff Catherine Kaetz was arrested in the State of New Jersey by the New Milford New Jersey Law Enforcement during an alleged traffic stop. **(Doc #8 Pa41)** An underlying out of state warrant that classified Plaintiff Catherine Kaetz a fugitive from justice activated the law enforcement of NJ to activate a hot pursuit and arrest with a threat of deadly force upon Catherine Kaetz. The alleged warrant was from a Pennsylvania temporary PFA (protection from abuse) complaint of 1/28/2018 **(Doc #8 Pa36)** that produced the PFA Warrant of 1/29/2018 **(Doc #8 Pa37)** from a municipal court that was resolved and superseded by the PFA Final Order of 2/5/2018 **(Doc #8 Pa38 – Pa40)** from the superior Monroe County Court that was signed by the PFA Judge, the PFA Plaintiff and the PFA Defendant, the matter of the warrant was adjudicated in the Monroe County Courthouse PA on 2/5/2018.

22.     Plaintiff Catherine Kaetz was taken from the New Milford NJ Police holding jail cell to the Bergen County Jail at 160 S River St, Hackensack, NJ 07601 where she was imprisoned for twelve (12) days for the alleged warrant that was resolved on 2/5/2018. This is evidenced with the Inmate Look up Bergen County Jail **(Doc #8 Pa42)**, Extradition Waiver of 9/13/2018 **(Doc #8 Pa43)**, and the Extradition Order of 9/13/2018 **(Doc #8 Pa44)**.

23.     September 19, 2018, twelve (12) days after her arrest, Catherine Kaetz was taken from the Bergen County Jail in the State of New Jersey across state lines to the State of Pennsylvania to the #43-4-01 Municipal District Court in Monroe County PA. in front of defendant Magisterial District Judge Brian Germano, (same Judge that claimed no jurisdiction over PFAs) where the alleged

warrant came from, and was released from bondage, evidenced with the PA Bail Bond Order of 9/19/2018 **(Doc #8 Pa45).**

**24.** A substantial amount of the underlying events of this cause of action arose geographically in the State of New Jersey, the violations of state and federal due process and double jeopardy rights and false imprisonment occurred in the State New Jersey. The relevant victims live in the State of New Jersey, and, property relevant to this case is located in the State of New Jersey, all under the venue of the United States District Court of New Jersey.

**25.** The administrative negligence and court errors that caused violations of state and federal due process and double jeopardy rights by the defendants, that is encompassed by the venue of the United States District Court for the Middle District of Pennsylvania, reached into the venue of the United States District Court of New Jersey, and, as the same as a foreign corporation or a foreign state, defendant does business in the state of New Jersey under the venue of the United States District Court of New Jersey, and, proper venue is where the tort happened, the torts happened in New Jersey, the defendant and it's tort actions fall within the venue and jurisdiction of the United States District Court of New Jersey. NJ State Law also applies.

**26.** In New Jersey: from Crepy v. Benckiser, Law Div.-Essex Cnty. (Mitterhoff, J.S.C.), DOCKET NO.: ESX-L-730-15, February 19, 2016: "Proper venue in a civil action is governed by R. 4:3-2, which provides, in pertinent part, that "venue shall be laid in the county in which the cause of action arose, or in which any party to the action resides at the time of its commencement." R. 4:3-2(a)(3)."

**27.** On September 13,2018, William Kaetz, pro se and a witness at the PFA hearing of February 5th, filed a motion in the Court of Common Pleas of Monroe County PA for an expedited transcript

of the PFA hearing of February 5th,2018 pursuant to PA local rule 4007 because the transcripts will prove Catherine faced the charges in court already.

**27.**     On September 13,2018, William Kaetz went to the original court, #43-4-01 District Court, spoke with defendant Magisterial District Judge Brian Germano, he claimed signing the warrant produced by defendant Whalen after hours and he has no jurisdiction after 8:30 am the next day because it's a PFA case and the warrant goes to the Court of Common Pleas that has jurisdiction.

**28.**     On September 13, 2018, William Kaetz went to the Court of Common Pleas Monroe County, all departments there had no record of an active warrant upon Catherine Kaetz.

**29.**     The PA higher and lower courts failed to communicate with each other and failed to remove the warrant and complaint. Pennsylvania claims a Unified Judicial System on their website; it is false advertisement.

**30.**     The Charging Officer defendant Thomas Whalen that alleged calling Catherine about this warrant failed to do a proper investigation and failed to look at The Court of Common Pleas court records.

**31.**     September 19, 2018, Catherine Kaetz was taken from NJ to PA to defendant Judge Brian Germano, the Judge that signed the warrant then claimed no jurisdiction.

**32.**     The transcript and witnesses including attorneys on record will prove Catherine physically stood in the PA County Courthouse and faced the judge about this violation and warrant and that Catherine believed the violation and warrant to have been resolved by the PA court because of the outcome of the PA PFA court hearing of February 5th 2018.

**33.**     Transcripts were ordered and a hearing was to be scheduled and Catherine was to appear in the PA court to clear up this matter.

**34.**     September 27, 2018, Court of Common Pleas of Monroe County sent a transcript to plaintiffs that is incomplete.

**35.**     The transcripts that were sent by the PA court does not have the entire hearing.

**36.**     Plaintiffs, William Kaetz, and Catherine Kaetz, as well as others were there at the hearing that can testify there is more to the hearing than what is in the transcripts sent.

**37.**     There are inconsistencies in the Pennsylvania Court System and how they handled this case that brings up red flags and now the failure to produce the entire hearing transcripts is a cover up.

**38.**     The evidence attached to Case 2:18-cv-14782-CCC-JBC Document 8 Filed 06/24/19 proves beyond doubt the higher PA Court of Monroe County (Common Pleas Court) did not notify the lower municipal court in the same county of Monroe PA, #43-4-01 District Court, (the origin of the complaints) of the final order. **(See bottom of page At Doc.#8 Pa40)**

**39.**     It is also evident that the PA State Police was notified of the superseding final order, Officer defendant Thomas Whalen acted negligent by proceeding with fascist intent to overrule the Constitutionally Protected Rights of American Citizens by proceeding to illegally enforce a complaint that was resolved in the Higher Courts of Pennsylvania. **(See bottom of page At Doc.#8 Pa40)**

**40.**     In the case _One Lot Emerald Cut Stones v. United States, 409 U.S. 232 (1972)_, the Supreme Court held, "the Double Jeopardy Clause prohibits punishing twice, or attempting a second time to punish criminally, for the same offense." This illegal arrest is a second time the Defendants caused Catherine to face the same offenses she faced on February 5th, 2018, their actions are unconstitutional and violates Catherine's Due Process and Double Jeopardy rights IN VIOLATION OF THE 14TH AMENDMENT AS TO WHICH THERE IS NO IMMUNITY.

## CLAIMS FOR RELIEF

1.    IMPLIED RIGHT TO ACTION AS PER CONGRESSIONAL INTENT OF VIOLATIONS OF OATH OF OFFICE.

2.    VIOLATION OF UNITED STATES CONSTITUTION ARTICLE 4 SECTION 4 GUARANTEEING A REPUBLIC FORM OF GOVERNMENT AND PROTECTION AGAINST ANY OTHER FORMS OF GOVERNMENT.

3.    VIOLATION OF STATE AND FEDERAL DUE PROCESS AND EQUAL PROTECTION RIGHTS OF THE FIFTH AMENDMENT AND FOURTEENTH AMENDMENT.

4.    VIOLATION OF THE DOUBLE JEOPARDY CLAUSES OF THE STATES' AND UNITED STATES CONSTITUTIONS.

5.    VIOLATION OF THE 4TH AND 13TH AMENDMENT OF THE UNITED STATES CONSTITUTION.

6.    NATIONALITY DISCRIMINATION AGAINST PLAINTIFFS, CITIZENS OF THE UNITED STATES OF AMERICA.

7.    VIOLATION OF THE UNENUMERATED RIGHTS PRESERVED FOR THE PEOPLE BY THE NINTH AMENDMENT

8.    VIOLATION OF THE PUBLIC TRUST DOCTRINE

9.    CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE 8TH AMENDMENT.

10.    WANTON GROSS NEGLIGENCE

11.    VIOLATION OF ALL OTHER RIGHTS NOT MENTIONED IN THIS COMPLAINT.

**STATEMENT OF CLAIMS**

**PLAINTIFFS' PERSONAL STAKE AND INJURY IN THIS DISPUTE**

Plaintiffs William Kaetz and Catherine Kaetz, pro se, files this Amended civil complaint in the United States District Court District of New Jersey against defendants for the following reasons:

**1.** declaratory decrees that are: The United States Constitution, Pennsylvania and New Jersey State Constitutions, and the oath of office was violated by the defendants.

**2.** Declaratory relief was unavailable; plaintiff would need to rely on the same people that violated the declaratory decrees for a criminal complaint.

**3.** The defendants' have violated The United States Constitution and Pennsylvania and New Jersey State Constitutions by violating their oath of office. Some Defendants have directly violated their oath of office, some defendants indirectly violated their oath of office by aiding and abetting with inactions, and by doing so defendants commit usurpations of the Supreme law of the land, the United States Constitution and therefore violate and jeopardize and harm plaintiffs' freedom and their Unalienable Rights protected by the State's and United States' Constitution as to which gives plaintiffs standing.

**4.** The defendants' actions violate the 5th and 14th Amendments Due Process and Equal Protection Clauses and relative State Constitution mandates with violations of oath of office caused by allowing invasions of Marxism to change our form of government in violation of United States Constitution Article 4 Section 4 guaranteeing a Republic Form of Government and Protection Against Any Other Forms of Government, and that causes Nationality Discrimination against the Plaintiffs, citizens of the United States of America, nationals of New Jersey and of the United States, and discriminates All Americans, and that violates the Unenumerated Rights Preserved

For The People By The Ninth Amendment, and it is a violation of the public trust doctrine, and violates the 8th Amendment as to which gives plaintiffs standing.

5.      Defendants usurpations of the Supreme law of the land, the United States Constitution, has harmed the plaintiffs with usurpations of power under the color of law in violation of the United States Constitution.

6.      The defendants' actions constitute acts of Constitutional Violations under the color of law by willfully violating each individual defendant's citizenship duties and their oath of office. The defendants' official offices require the declaratory decree of the oath of office and their actions prove defendants' cannot and will not and willfully chose not to do their citizenship duties and adhere to the oath of office, with their actions they have advocated against the United States Constitution, and therefor defendants are not qualified to be a candidate for the official positions the now hold. The defendants' acts of fraud and treason under the color of law pronounced above infringe and harms and jeopardizes plaintiffs' rights and freedom protected by the States' and United States' Constitutions and discriminates against plaintiffs' nationality, citizens of the United States of America as to which gives plaintiffs standing.

7.      This is also taxation without representation as to which gives plaintiffs standing.

## NO IMMUNITY

### 8.      Amendment XIV Section 1.

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state

> deprive any person of life, liberty, or property, without due process of law; nor
>
> deny to any person within its jurisdiction the equal protection of the laws.

9.      The Eleventh Amendment shields the State, and Qualified immunity shields public officials from suit. For Eleventh Amendment Immunity and qualified immunity to apply, a State and an individual must be acting within the Constitution and in their capacity as a public official and must have made a reasonable, but mistaken, judgment about an open legal question.

10.     The plaintiffs bear the burden of showing that defendants are not entitled to immunity. To do so, plaintiffs must demonstrate that the State and the officials violated a statutory or constitutional right and that the right was clearly established at the time of the conduct.

11.     The 14th Amendment Due Process Clause restricts government action by preventing abuses of government power. The plaintiffs allege abuses of government power and violations of their right to Due Process and Equal Protection, violations of their Right to a Republic Form of Government and protection against totalitarianism, violations of their Right to have Oath of Office enforced, violations of their Right to have Public Trust, violations of their Right to be free from Cruel and Unusual punishment, violations of their Right to be left alone, violations of their Right to Double Jeopardy protections, violations of their Right to live in peace without government intrusions, which allows individuals to be free from forcible intrusions on their bodies against their will, absent a compelling state interest. The right to bodily integrity also includes the right to be free from arbitrary and capricious government action that 'shocks the conscience' and violates the decencies of civilized conduct. Violations of their Right to not be discriminated for being an American living with and enforcing their Rights, and violations of their Right to live without discrimination against the Founding Documents of this Nation, the United States of America, here in America.

**12.**     In this case, the plaintiffs were discriminated because of being Americans, the defendants knew of plaintiffs' rights and their restrictions and obligations to plaintiffs' rights, acted capriciously with a malicious fascist intent with total disregard to American Rights they are legally obligated to protect. The defendants deliberately acted against the Constitution with arbitrary and capricious government action that 'shocks the conscience' and violates the decencies of civilized conduct.

**13.**     The 11th Amendment precludes suit against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state. Moreover, the Supreme Court has held that sovereign immunity does not extend to counties and similar municipal corporations. Defendant Monroe County of PA cannot meet its burden to show that it qualified as an arm of the state. Monroe County of is not a state. Defendant Monroe County of PA enjoyed significant autonomy over its local government functions. Additionally, although the State of Pennsylvania regulates quality, defendant Monroe County of PA maintained control over its services. Finally, local elected officials remained in place and local government functions still took place. Therefore, the defendant Monroe County of PA does not meet the standard to qualify as an arm of the state and is not entitled to sovereign immunity.

**14.**     The actions of the defendants were deliberate, the chain of events was set in motion by defendant Judge David J. Williamson's arrogant disregard of his job and oath of office as to which is a criminal offense, and the others played along, conspired with the criminal activity, their actions were lacking jurisdiction in its entirety because it was criminal and unconstitutional.

## 15.  RELIEF REQUESTED

1.  Civil Complaint Relief requested is compensation for false imprisonment of Catherine

Kaetz at a rate of $20,000.00 per day for 12 days totaling $240,000.00 and anything else this court

deems just.

2.  Quo Warranto complaint Relief is the individual defendants' removal from office and

imprisonment for 12 days.

## CERTIFICATION OF SERVICE

PLEASE TAKE NOTICE that Plaintiff certifies that the above-named defendants have been

served All Motion Documents via USPS Priority Mail to:

Judge Claire C. Cecchi
Martin Luther King Building
& U.S. Courthouse
50 Walnut street
court room: MLK 5b
Newark, NJ 07101

Judge James B. Clark, III
Martin Luther King Building
& U.S. Courthouse
50 Walnut street
court room: MLK 2A
Newark, NJ 07101

Martin Luther King Building
& U.S. Courthouse
Attention Court Clerk
50 Walnut Street Room 4015
Newark, NJ 07101

Robert J. Krandel
Supreme Court of Pennsylvania
Administrative Office of Pa. Courts
1515 Market Street
Suite 1414
Philadelphia, PA 19422

## CERIFICATION

I certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

WILLIAM F KAETZ
437 Abbott Road
Paramus NJ 07652
201 753 1063
Plaintiff

CATHERINE KAETZ
437 Abbott Road
Paramus NJ 07652
201 753 1063
Plaintiff

September 22, 2020



# UNITED STATES
# POSTAL SERVICE®



**TRACKED***

★ ★ ★

**INSURED***

★

**ORITY®**
**AIL**

## FLAT RATE ENVELOPE
ONE RATE ★ ANY WEIGHT*



000014

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

## VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE